

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/20/2024

August 20, 2024

**VIA ECF**
The Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

   Re:  *United States v. Aminov et al.*, 23-CR-110 (MKV)

Dear Judge Vyskocil:

  I write regarding my representation of Ms. Christy Corvalan in the above-captioned matter. Ms. Corvalan entered into a guilty plea as to Count 1 of her superseding indictment on July 15, 2024. Pursuant to a $500,000 PRB, Ms. Corvalan's current bail package includes the conditions of electronic monitoring and home detention. *See* ECF 16.

  On July 30, 2024, I submitted a letter motion requesting the termination of Ms. Corvalan's electronic monitoring. *See* ECF 270. This request was denied. *See* ECF 271. I now write to respectfully make a revised request—that the Court modify Ms. Corvalan's bail conditions to replace her home detention condition with a curfew condition, leaving in place the GPS monitoring.

  The reason for this request is that Ms. Corvalan has maintained compliance with her bail conditions and has many parenting responsibilities outside her home, especially those regarding her youngest daughter. In July 2024, Ms. Corvalan also secured a new position as a shift supervisor for an employer known to both U.S. Pretrial Services and the government. In this role, she is often required to pick-up last-minute shifts.

  A curfew would provide more flexibility for both U.S. Pretrial Services and Ms. Corvalan to navigate family and work scheduling issues. Curfew is a less restrictive form of monitoring and would allow Ms. Corvalan to better accommodate any family demands and last-minute changes to her schedule. According to U.S. Pretrial Services, through Officer Jessica Aguilar-Adan, a curfew would allow Ms. Corvalan to pick up and drop off her daughter from work and take her to medical appointments because she is still a minor, without prior approval from their office. Ms. Corvalan would not need to provide proof of each visit unless noted otherwise. Regarding Ms. Corvalan's employment, Officer Aguilar-Adan confirmed that, with a curfew, Ms. Corvalan will have more flexibility to pick up last-minute shifts because, under home detention, she is required to provide at least 48 hours' notice for each scheduling request.

  Officer Aguilar-Adan has also requested that, if approved, curfew hours be set at the discretion of U.S. Pretrial Services, so she can modify the time frame outside of emergency situations. Under these circumstances, the default curfew set for Ms. Corvalan would restrict her to her residence between the hours of 9:00 p.m. and 6:00 a.m. Officer Aguilar-Adan would further consider any hours sufficient for Ms. Corvalan to meet her goals and personal needs, all while

addressing the identified risk factors in this case.

      The government, through AUSA Jeffrey Coyle, has indicated that it defers to U.S. Pretrial Services regarding this request. U.S. Pretrial Services, through Officer Aguilar-Adan, has no objection to this request.

      Thank you for the Court's consideration.

Respectfully submitted,

/s/

Aaron Mysliwiec
*Attorney for Christy Corvalan*

cc:    AUSA Jeffrey Coyle, *via* ECF
       USPO Jessica Aguilar-Adan, *via* Email

**DENIED. SO ORDERED.**

Date: 8/20/2024
New York, New York

Mary Kay Vyskocil
United States District Judge

Miedel & Mysliwiec LLP
52 Duane Street, 7th Floor • New York, New York 10007 • (T) 212-616-3042 • (F) 800-507-8507 • www.fmamlaw.com