UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
UNITED STATES OF AMERICA,                                               :
                                                                        :
         -v-                                                            :          23-CR-110-2 (JMF)
                                                                        :
CHRISTY CORVALAN,                                                       :          MEMORANDUM OPINION
                                                                        :                AND ORDER
                        Defendant.                                      :
                                                                        :
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On or about July 15, 2024, the Court entered a Consent Preliminary Order of Forfeiture

(the "Preliminary Order"), forfeiting to the Government all right, title and interest of Defendant

Christy Corvalan in certain properties, including real property located at 3184 and 3186

Wissman Avenue in the Bronx, New York (together, the "Subject Properties"). *See* ECF No.

252. Between March 4 and March 10, 2026, the Government published notice of its intention to

seek forfeiture of the Subject Properties and mailed a copy of the Preliminary Order to third

parties with a potential interest in the Subject Properties, including the Basanti Mitra Revocable

Trust (the "Trust"); the Trust received the notice on or about March 6, 2026. *See* ECF No. 601

("Gov't Opp'n"), at 1.[1] On April 15, 2026, counsel for the Trust moved for admission *pro hac*

*vice*, which motion the Court granted on April 16, 2026. *See* ECF Nos. 590-91. Four days later,

on April 20, 2026, the Trust filed a petition asserting an interest in the Subject Properties. *See*

ECF No. 592. The Government argues that the Petition should be denied. *See* Gov't Opp'n 2-4.

Under 21 U.S.C. § 853(n)(2), a party asserting a legal interest in property subject to

---

[1]     The Government's letter states that it mailed notice to the Basanti Mitra Revocable Trust
on March 4, *2024*. *See* Gov't Opp'n 1. The Court presumes that that is a typographical error and
that the Government mailed notice on March 4, *2026*.

forfeiture must file a petition within thirty days of receiving notice of the forfeiture. *See United States v. Ackerman*, No. 20-CR-93 (LTS), 2023 WL 3568654, at *3 (S.D.N.Y. May 18, 2023); *see also United States v. Tucker*, No. 16-CR-91 (PKC), 2020 WL 6891517, at *3-5 (S.D.N.Y. Nov. 24, 2020) (citing cases). "Courts have routinely held that the deadline in section 853(n)(2) is mandatory." *United States v. Lamid*, 663 F. App'x 319, 325 (5th Cir. 2016) (summary order). Indeed, at least one court has enforced the deadline even where the party asserting an interest served the petition on the Government within the thirty-day period and, as a result, the Government elected not to contest timeliness. *See Ackerman*, 2023 WL 3568654, at *3.

In light of the statutory deadline, the Trust's Petition must be and is dismissed as untimely. Here, the Government does move to dismiss the Petition as untimely, *see* Gov't Opp'n 2, and the Trust even concedes that its Petition "was not timely filed." ECF No. 603 ("Petr.'s Reply"), at 2. The Trust cites as an excuse the fact that its counsel "only realized at the last moment that he was not admitted in this District" and, thus, needed to move for admission *pro hac vice*. *Id.* But counsel's *pro hac vice* motion was itself filed over one week *after* the thirty-day period had passed. Moreover, the Trust waited another four days to file its Petition after the Court granted the *pro hac vice* motion. Assuming without deciding that equitable tolling applies to the statutory deadline in Section 853(n)(2), the Court cannot conclude that these circumstances extended the Trust's time to file its Petition. *See, e.g.*, *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003) ("Equitable tolling is only appropriate in rare and exceptional circumstances in which a party is prevented in some extraordinary way from exercising his rights." (cleaned up)).[2] Accordingly, the Trust's Petition must be and is

---

[2] The Trust also asserts that the Court "was made aware of the fact that the petition was untimely, and yet . . . entered an order allowing the petition to be filed and requiring Respondent to answer within a certain amount of time." Petr.'s Reply 2. That assertion is misleading at best. The Court's Order merely set a deadline for the Government to respond to the Petition. *See* ECF

DISMISSED as untimely.

The Clerk of Court is directed to terminate ECF No. 592.

SO ORDERED.

Dated: June 24, 2026
       New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

No. 593.  Neither that Order nor the fact that the Court later extended the Government's deadline to respond (on consent) retroactively rendered the Trust's Petition timely.